350

THE STATE OF OHIO, APPELLANT, *v.* GRAHAM, APPELLEE.

(No. 78-1278—Decided June 13, 1979.)

Mr. *David E. Lighttiser* and Mr. *Robert L. Becker*, for appellant.

Messrs. *Steiner, Berryhill, Wince & Shaheen* and Mr. *John C. Berryhill*, for appellee.

*Per Curiam.* The sole inquiry presented by this cause is whether the trial court committed prejudicial error in excluding appellee's proposed evidence of his prior sexual conduct with the victim. The question of the constitutionality of the statute is not before us.

R. C. 2907.02(D) provides, in applicable part, that evidence of specific instances of the victim's past sexual activity with the accused is admissible at trial only where the court determines that "the evidence is material to a

fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value." Division (E) of the statute requires the court to ascertain the admissibility of the evidence during a pretrial hearing conducted for that purpose.

The express language of R. C. 2907.02(D) purports to confer upon a trial court the function of determining the materiality and relevancy of evidence of past sexual activity between the victim and the accused. The court's duty in this regard is not changed by the statute. Therefore, upon appeal, such an evidentiary determination should not be disturbed absent a showing of an abuse of discretion which amounts to prejudicial error. See *State* v. *Black* (1978), 54 Ohio St. 2d 304, 376 N. E. 2d 948; *State* v. *Barker* (1978), 53 Ohio St. 2d 135, 372 N. E. 2d 1324.

The Court of Appeals found that the testimony in question was relevant under the facts of this cause. We disagree. Appellee has not asserted the defense of consent, which could well affect the materiality and relevancy of the disputed evidence. On the contrary, he defends by stating that he was not even present at the time and place of the alleged crime. In this posture, appellee's proffered evidence of his alleged past sexual relations with the victim did not tend to prove or disprove a disputed fact of consequence in the cause.

It is our conclusion that the trial court's exclusion of the proffered evidence did not constitute prejudicial error, and the judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, KERNS, SWEENEY, LOCHER and HOLMES, JJ., concur.

KERNS, J., of the Second Appellate District, sitting for P. BROWN, J.