Plaintiff-Appellant, Douglas Retterer, appeals from the judgment of the Court of Common Pleas of Marion County, pursuant to a jury verdict, in favor of Defendant-Appellees, Barney Rowlinson and Jeffrey Mouser, on his assault, battery, and false imprisonment claims. Appellant also appeals from the judgments of the common pleas court denying his "Motion to Amend Complaint, Reinstate Sexual Harassment Claim, and Reinstate Whirlpool as a Defendant" and granting a motion in favor of Defendant-Appellee, Whirlpool Corporation ("Whirlpool"), dismissing the company from the case.
On April 20, 1994, Appellant filed a complaint against his employer, Whirlpool, and two of Whirlpool's employee supervisors, Barney Rowlinson and Jeffrey Mouser (collectively "Appellees"). The complaint alleged assault, battery, false imprisonment, sexual harassment and sex discrimination, libel, slander, defamation, intentional infliction of emotional distress, sexual harassment and sex discrimination based on the perception of having AIDS, and failure of Whirlpool to prevent the aforementioned unlawful and tortious conduct. Whirlpool, Rowlinson, and Mouser presented a collective defense, filing a common answer to the complaint, on June 8, 1994. Thereafter, these defendants filed a motion for summary judgment on August 31, 1995. Appellant filed a memorandum contra to the motion for summary judgment in October 1995. Thereafter, the trial court granted the motion for summary judgment in favor of Whirlpool, Rowlinson, and Mouser on all claims.
In December 1995, Appellant appealed the trial court's decision to grant summary judgment. In Retterer v. WhirlpoolCorp. (1996), 111 Ohio App.3d 847, this court reversed the granting of summary judgment with respect to the claims of assault, battery, false imprisonment, and defamation and affirmed the order of summary judgment with respect to all remaining claims.
Following a remand of the cause to the common pleas court, Whirlpool filed a motion to dismiss itself as a party defendant in the case, claiming it did not have respondeat superior
liability for the surviving intentional tort claims against Rowlinson and Mouser. Appellant opposed the motion. The trial court dismissed Whirlpool from the case on July 17, 1997.
On March 25, 1998, Appellant, relying on the recent United States Supreme Court decision in Oncale v. Sundowner OffshoreServices, Inc. (1998), 523 U.S. 75, filed a motion to amend his complaint, to reinstate his claim of sexual harassment, to reinstate Whirlpool as a defendant, and to continue the trial. The common pleas court denied the motion to amend on April 14, 1998.
Appellant's case against Rowlinson and Mouser proceeded to trial in August 1998. During trial, Appellant claimed that the torts of assault, battery, and false imprisonment all stemmed from a particular incident occurring at Whirlpool in April 1993. At that time, Appellant was working for Whirlpool on an assembly line. Appellant claimed that Rowlinson and Mouser called him to the supervisors' office. Once inside the office, Appellant testified that he was restrained and tickled on the stomach and chest areas against his will by the two supervisors. Rowlinson and Mouser admitted to the action but claimed the incident was the culmination of a prank initiated by Appellant and that Appellant was a willing participant in the horseplay.
At the close of Appellant's case, a directed verdict was granted in favor of Rowlinson and Mouser on the defamation claim. At the end of trial, the jury returned a verdict in favor of Rowlinson and Mouser on the remaining claims of assault, battery, and false imprisonment.
Appellant now appeals from the various rulings made by the trial court.
I.
 The trial court erred in denying Appellant's motion to amend complaint, reinstate sexual harassment claim, and reinstate Whirlpool as Defendant.
In 1996, this court affirmed a motion for summary judgment in favor of Whirlpool, Rowlinson and Mouser on Appellant's same-sex sexual harassment claims. Two years later, the United States Supreme Court recognized that "[s]ex discrimination consisting of same-sex sexual harassment is actionable under Title VII" in the case of Oncale v. Sundowner OffshoreServices, Inc., 523 U.S. at the syllabus. The Supreme Court inOncale held:
 There is no justification in Title VII's language or the Court's precedents for a categorical rule barring a claim of discrimination "because of * * * sex" merely because the plaintiff and the defendant (or the person charged with acting on behalf of the defendant) are of the same sex. * * * Title VII is directed at discrimination because of sex, not merely conduct tinged with offensive sexual connotations * * *.
Id.
Claiming the Oncale decision affected his case, Appellant filed a motion to amend his complaint to again incorporate the sexual harassment claims against Whirlpool, Rowlinson, and Mouser, to add a claim of wrongful discharge, and to reinstate Whirlpool as a defendant in the case. Appellant claimed that both the trial court, in granting summary judgment on the sexual harassment claim, and the court of appeals, in affirming summary judgment, had mistakenly ruled that no actionable claim for same-sex sexual harassment existed under statutory or common law. The trial court overruled Appellant's motion to amend in April 1998. Appellant now contends that this decision was error.
Contrary to Appellant's assertions, neither the trial court nor this court rejected Appellant's sexual harassment claim simply because it alleged harassment of a male by a male. The trial court's judgment entry granting summary judgment on this claim expressly stated:
 The Court does not specifically decide whether a same-sex harassment claim is viable under the law. Rather, this Court has considered only whether Retterer has stated a claim for gender discrimination — i.e. whether he has established that he was harassed because of his gender.
Likewise, when reviewing the motion for summary judgment, this court made no findings regarding the viability of same-sex sexual harassment claims. Rather, we recognized it was Appellant's burden, under both the statutory and common law theories of sexual harassment, to demonstrate discrimination or harassment on the basis of his sex. Retterer,111 Ohio App.3d at 859-560. We found that "appellant has failed to set forth evidence to withstand summary judgment regarding harassmentbecause of his sex. Instead, appellant has set forth evidence relating to his sexual orientation." [Emphasis added.] Id. at 560. Following an analysis of several sexual orientation discrimination cases, we concluded that "such harassment is not actionable." Id.
Our analysis in the first Retterer appeal was not affected by nor contrary to the subsequent Supreme Court decision inOncale. Thus, the trial court properly overruled Appellant's motion to reinstate the sexual harassment claims and to reinstate Whirlpool as a defendant in the action. Furthermore, since Appellant sought to amend his complaint to add a wrongful discharge claim and the wrongful discharge claim was premised on the underlying allegation of sexual harassment, we find the trial court did not abuse its discretion in overruling this portion of the motion as well. Appellant's first assignment of error is overruled.
II.
 The trial court erred in granting Defendant's motion to dismiss Whirlpool from the case.
In his second assignment of error, Appellant contends that Whirlpool should not have been dismissed from the case. Appellant argues that under the doctrine of respondeatsuperior, Whirlpool was potentially liable for the intentional torts of assault, battery, false imprisonment, and defamation committed by its employees. Appellant claims a genuine issue of fact remained as to whether or not Whirlpool's employees were acting within the scope of their employment when they committed the intentional torts alleged by Appellant.
Even assuming, arguendo, that the trial court erred in dismissing Whirlpool from the case as Appellant contends, we find any error in this regard has been rendered moot by the subsequent adverse verdicts on Appellant's claims of assault, battery, false imprisonment, and defamation. As stated inStrock v. Pressnell (1988), 38 Ohio St.3d 207, 217, "It is axiomatic that for the doctrine of respondeat superior to apply, an employee must be liable for a tort committed in the scope of his employment." Accord, Davis v. Immediate MedicalServices, Inc. (1997), 80 Ohio St.3d 10, 19-20. Even if Whirlpool had remained a party to the case, it would be impossible to find Whirlpool liable for the intentional torts of its employees as a matter of law, since a jury exonerated Rowlinson and Mouser of liability on the claims of assault, battery and false imprisonment and the court relieved the two from liability on the defamation claim by way of a directed verdict. For this reason, Appellant's second assignment of error is overruled.
III.
 The trial court erred in refusing to admit evidence regarding admission of liability and in refusing to permit testimony regarding other workplace actions.
In his final assignment of error, Appellant challenges various evidentiary rulings made by the common pleas court at trial. First, Appellant complains that the common pleas court erred in not allowing Appellant to cross-examine Appellee Rowlinson at trial regarding disciplinary action taken against him by his employer, Whirlpool, following the alleged assault, battery and false imprisonment of Appellant.
During Appellant's cross-examination of Rowlinson, counsel for Appellant inquired whether Rowlinson had been disciplined by Whirlpool for his participation in the April 1993 incident in the supervisor's office. Counsel for the Appellees objected, arguing that the reprimand received by Rowlinson was not relevant to the claims of assault, battery, false imprisonment, and defamation at issue in the case. In a side bar conversation with the court, Appellant's counsel presented a letter of reprimand purportedly directed to Rowlinson from Whirlpool. After reviewing the letter, the trial court sustained Rowlinson's objection.
A review of the trial transcript and record reveals that Appellant did not proffer evidence of the letter into the record. Thus, this court does not know the true substance of the letter that Appellant claims he was wrongfully precluded from presenting at trial. Evid. R. 103(A)(2) removes the burden upon the party seeking to introduce evidence, to proffer the substance of the evidence into the record, if the evidence is excluded during cross-examination. Nevertheless, the failure to proffer the letter is fatal to Appellant's argument. The trial court reviewed the letter and found that it did not relate to the issues at trial and without the letter or knowledge of its substance, this court is not in a position to declare the trial court's ruling an abuse of discretion.
Secondly, Appellant claims that the trial court erred in restricting testimony regarding the harassment he received by other employees as a result of the incident with Rowlinson and Mouser. Appellant contends this harassment was evidence of the damages he sustained as a result of the assault, battery and false imprisonment. Likewise, Appellant claims he was improperly prohibited from proving damages when the trial court refused to allow him to testify about his lost wages. We disagree.
The trial court has broad discretion when making evidentiary rulings. State v. Combs (1991), 62 Ohio St.3d 278, 284. The trial court, when restricting testimony regarding the harassment of Appellant by employees not parties to the case, found no connection between the purported harassment and the assault, battery, and false imprisonment allegations raised against the Appellees. Moreover, since Appellant continued working at Whirlpool for a year after the incident at issue and he did not establish a causal connection between the incident and his termination of employment, the court refused to allow evidence of lost wages to be heard by the jury. Since the record supports these findings, we cannot say that the trial court's decision on these evidentiary matters constituted an abuse of discretion. State v. Graham (1979), 58 Ohio St.2d 350,352. Consequently, we overrule Appellant's third assignment of error.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.