OPINION
Appellant Steven Straits appeals the decision of the Lancaster Municipal Court, Fairfield County, that permitted the State of Ohio to introduce into evidence unauthenticated and unauthorized LEADS printouts. Appellant contends his convictions, based on this evidence, are against the manifest weight of the evidence. The following facts give rise to this appeal. On October 23, 1998, Patrolman Terry Williams stopped appellant for a traffic violation. Patrolman Williams charged appellant with driving under an FRA suspension, no operator's license, expired tags and fictitious tags. At his arraignment on October 29, 1998, appellant entered pleas of not guilty to all charges. This matter proceeded to trial on January 11, 1999. At trial, the only witness to testify regarding the traffic stop was Patrolman Williams. Patrolman Williams testified, over appellant's objections, from three LEADS printouts. These printouts were marked as Exhibits 2, 3 and 6. On cross-examination, Patrolman Williams conceded that the LEADS printouts were not prepared by him and were instead prepared by a police dispatcher, who did not testify. Patrolman Williams also admitted that the LEADS printouts were not authenticated or certified in any manner. The trial court permitted the state to admit into evidence Exhibits 2, 3 and 6. Following the conclusion of the state's case, appellant moved for an acquittal pursuant to Crim.R. 29, with regard to the charge of driving under an FRA suspension, on the basis that the state failed to present any evidence that appellant was notified by the Bureau of Motor Vehicles of the suspension. The trial court sustained appellant's motion. At the conclusion of the trial, the trial court found appellant guilty of the remaining charges and sentenced him accordingly. We granted appellant's motion to file a delayed appeal on March 18, 1999. Appellant sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE UNCERTIFIED COPIES OF LEADS PRINTOUTS, WHICH WERE HEARSAY AND NOT PROPERLY AUTHENTICATED.
 II. THE TRIAL COURT ERRED IN CONVICTING DEFENDANT AS THERE WAS INSUFFICIENT EVIDENCE TO CONVICT DEFENDANT OF CHARGES OF NO OPERATOR'S LICENSE, FICTITIOUS TAGS, AND EXPIRED TAGS.
 I, II
We will address appellant's First and Second Assignments of Error simultaneously. In his First Assignment of Error, appellant contends the trial court erred when it permitted the state to introduce uncertified copies of the LEADS printout which were hearsay and not properly authenticated. In his Second Assignment of Error, appellant contends his convictions for no operator's license, fictitious tags and expired tags are against the manifest weight of the evidence. We agree, in part, with both assignments of error. Evidentiary rulings lie within the broad discretion of the trial court and will form the basis for reversal, on appeal, only upon an abuse of discretion which amounts to prejudicial error. State v. Graham (1979), 58 Ohio St.2d 350, 352. Further, on review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based on these standards that we review appellant's two assignments of error. In admitting the LEADS printouts into evidence, the trial court agreed that the printouts were hearsay but determined the documents should not be excluded pursuant to Evid.R. 803(8). Tr. at 23-24. This rule provides: (8) Public records and reports Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate a lack of trustworthiness.
LEADS is an acronym for Law Enforcement Automated Data System. It provides a printout to law enforcement by means of a tie-in with a state computer. The information provided by LEADS is not available to the general public. O.A.C. § 4501:2-10-06(B) restricts all information contained in or processed through LEADS to the use of law enforcement agencies only. In the case of State ex rel. Master v. Cleveland (1996), 76 Ohio St.3d 340, the Ohio Supreme Court determined that LEADS printouts are exempt from disclosure under Ohio's Public Records Act. Thus, as a non-public record, LEADS printouts are not excepted from the hearsay rule under Evid.R. 803(8). Although the LEADS printouts were not admissible pursuant to Evid.R. 803(8), we still conclude the trial court did not abuse its discretion in admitting the LEADS printouts as it pertains to Exhibits 3 and 6. LEADS printouts can be admitted to show the reason for an officer's actions during an investigation. State v. Peterson (Nov. 29, 1996), Trumbull App. No. 96-T-5456, unreported, at 6. Such a use is not considered hearsay. Id. In State v. Williams (Oct. 25, 1996), Trumbull App. No. 94-T-5121, unreported, the Eleventh District Court of Appeals explained that certain hearsay testimony was admissible because its purpose was not to prove the truth of the matter asserted, "* * * but merely to explain what the mind-set of the officers had been * * *." Id. at 31. In the case sub judice, Patrolman Williams testified Exhibits 2 and 3 are LEADS printouts reflecting to whom the license plate numbers are registered. Appellant had a different license plate on the front and back of his vehicle, so Patrolman Williams asked the dispatcher to run the two license plate numbers to determine if either set of plates belonged to appellant. Tr. at 14, 20. Clearly, as part of his investigation, Patrolman Williams found it necessary to request that the dispatcher check both license plate numbers on the LEADS system. Exhibit 2 is a LEADS printout under license plate number AGH 3050. Patrolman Williams testified that the LEADS printout indicated these license numbers were registered to Cathy Doss. Tr. at 6. We find this LEADS printout, showing these license numbers registered to Cathy Doss, was introduced by the state for purposes of proving the fictitious tags charge. Because this document was not properly authenticated and was used to prove beyond a reasonable doubt the charge of fictitious tags, we find the trial court's finding of guilt, as to the charge of fictitious tags, is against the manifest weight of the evidence. Exhibit 3 is a LEADS printout under license plate number XBZ 976. Patrolman Williams testified that the LEADS printout indicated these license numbers were registered to appellant. Id. Patrolman Williams was also able to verify the vehicle identification number, on the vehicle appellant was driving, with the information contained on the LEADS printout. The state introduced this information for the purpose of verifying ownership and it was not used to prove any elements of the charges pending against appellant. Therefore, Exhibit 3 is not hearsay. Finally, appellant also challenges Exhibit 6 which is a LEADS printout of appellant's driver's license status. The admissibility of Exhibit 6 is irrelevant because Exhibit 4, certified records from the Bureau of Motor Vehicles, also contains information concerning appellant's driving status at the time Patrolman Williams issued the citations. Thus, even if we were to find Exhibit 4 inadmissible, Exhibit 6, which clearly was admissible, also contains information concerning appellant's driving status. Appellant's First and Second Assignments of Error are affirmed in part, reversed in part and remanded.
For the foregoing reasons, the judgment of the Lancaster Municipal Court, Fairfield County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings as it pertains to the charge of fictitious tags.
Wise, P.J. Farmer, J., and Edwards, J., concur.