The STATE of Ohio, Appellee,

v.

EDMONDS, Appellant.

[Cite as *State v. Edmonds* (2000), 139 Ohio App.3d 298.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17907.

Decided July 21, 2000.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Cheryl A. Ross,* Assistant Prosecuting Attorney, for appellee.

*J. Allen Wilmes,* for appellant.

FAIN, Judge.

Defendant-appellant Michael Edmonds appeals from his sentence and conviction for forgery and tampering with evidence. He contends that the trial court erred by permitting the state to question him regarding a prior child support contempt proceeding, and that he was unfairly prejudiced thereby.

We conclude that the trial court did err by permitting the introduction of evidence that could have caused the jury to be improperly swayed in its determination regarding guilt or innocence. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.

I

In 1997, Edmonds and his real estate firm, MCE Realty, were named as defendants in a civil lawsuit. Edmonds signed and filed an answer for himself, individually. He also signed and filed an answer on behalf of the company. The judge assigned to the case struck the answer of MCE Realty on the grounds that it was not signed by an attorney, in view of the fact that the corporation was required to be represented by an attorney. Edmonds was given twenty-one days to file an answer through counsel.

New answers, purportedly signed by attorney Charles McKinney, were timely filed. McKinney and the attorney for the plaintiffs were notified of a pre-trial conference. McKinney failed to appear at the pretrial. When the judge contacted him regarding his absence, McKinney denied representing either Edmonds or MCE Realty. The judge then began to suspect that McKinney's signature had been forged. The matter was referred to the police.

After an investigation was conducted, Edmonds was indicted on one count of tampering with evidence, in violation of R.C. 2921.12(A)(2), and one count of forgery, in violation of R.C. 2913.31(A)(2). A jury trial was held in June 1999. At trial, McKinney testified that the signature on the answers was his, but noted that it was not an original. He also testified that he did not give Edmonds permission to use his signature. Edmonds admitted that he had altered the documents and used McKinney's signature, which he had photocopied from another document. However, Edmonds claimed that McKinney had given him permission to do so. Edmonds was convicted as charged, and sentenced appropriately. From his conviction and sentence, Edmonds appeals.

## II

Edmonds's sole assignment of error states as follows:

"The trial court committed prejudicial error by permitting the state to interrogate appellant about his prior failures to pay child support which testimony was of minimal relevance to the issue before the court and was very prejudicial to him."

Edmonds contends that the trial court erred by permitting the introduction of matters that unfairly prejudiced him. Specifically, he claims that the prosecutor was improperly allowed to question him regarding a prior contempt proceeding involving the failure to pay child support, despite its lack of relevancy, and its highly prejudicial nature.[1]

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Relevant evidence is generally admissible. Evid.R. 402. However, even if relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice. Evid.R. 403(A).

A trial court has broad discretion in the admission of evidence. *State v. Robb* (2000), 88 Ohio St.3d 59, 68, 723 N.E.2d 1019, 1034–1035. Decisions regarding the admission or exclusion of evidence will not be disturbed absent an abuse of that discretion. *State v. Graham* (1979), 58 Ohio St.2d 350, 352, 12 O.O.3d 317, 318, 390 N.E.2d 805, 806–807. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Weaver* (1988), 38

---

1. The state claims that Edmonds has waived this issue on appeal by failing to raise appropriate objections. However, from our review of the record, we find that the issue was properly preserved.

Ohio St.3d 160, 161, 527 N.E.2d 805, 807, quoting *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

■ The portion of the transcript relevant to this issue is as follows:

"Q: Mr. Edmonds, you're not too fond of the judicial process, are you?

"A: Well, if you went through what I've went through in the past few months dealing with this criminal matter, civil matter and having someone testify under oath to some things that I feel were untrue—

"Q: Answer the question. You're not too—

"Defense Counsel: Objection. He is answering.

"The Court: I think I've already directed the witness to please answer the question directly.

"Q: You're not too fond of the judicial process, are you?

"A: I would not say I'm not too fond of it. A lot of it I don't understand. It's my first time really ever being in a trial in a courtroom. So basically all this is new to me, you understand, with me being charged with something.

"I've been on the—a witness in basically dealing with maybe a couple of suits, you understand, but when you say being fond of the judicial system, you need to give me a little more in-depthness on that for me to answer correctly.

"Q: You're saying this is the first time you've ever been called into court?

"A: This is the first time I've ever been charged with allegations against me that I committed a crime that I've been in a court and a jury. I've been in court before. I've testified before a grand jury. I've been in a lawsuit where I was a witness. I've sold property where a owner and a buyer had disputed and I had to attend court to give testimony.

"I've never been in a situation where I'm being examined, you understand what I'm saying, as far as me, my character and, you know, the situation of this matter."

The prosecutor then proceeded to interrogate Edmonds concerning prior child support proceedings against him.

■ The state contends that Edmonds "opened the door" to examination regarding the prior contempt proceeding by failing to list all of his courtroom experiences and by claiming that his character had never been examined in court. The state also contends that the evidence was relevant on the issue of Edmonds's credibility. Specifically, the state argues that Edmonds lied when he testified that his character had never been examined in court.

From our review of the entire transcript, we conclude that Edmonds neither opened the door to the support issue, nor did he lie about his involvement with the courts. Furthermore, it does not appear that Edmonds was trying to make any statement regarding his character. Instead, we find that Edmonds was merely attempting to explain to the prosecutor, in response to a somewhat ambiguous question, that he had never been a defendant in the type of criminal action for which he was on trial.

Moreover, a review of the record indicates that the prosecutor's questions were designed to introduce evidence of other crimes, wrongs, or acts, in an effort to malign Edmonds's character. Evid.R. 404(B) prohibits the use of such evidence when it is designed to "prove the character of a person in order to show that he acted in conformity therewith." The state has not demonstrated that the evidence was used to prove any of the exceptions permitted by the rule.

We conclude that the prosecutor's questions were unfairly prejudicial. This case essentially hinged on the jury's determination of credibility; specifically, whether it found Edmonds or McKinney to be more believable. We conclude that the prosecutor's introduction of evidence indicating that Edmonds had, at one time in the past, fallen behind in his child support obligation might have improperly influenced the jury in deciding whether to credit McKinney's testimony, discredit Edmonds's testimony, and find, beyond reasonable doubt, that Edmonds affixed McKinney's signature to his pleading without McKinney's permission.

Edmonds's sole assignment of error is sustained.

## III

Edmonds's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

GRADY, P.J., and FREDERICK N. YOUNG, J., concur.