For the reasons that follow, I must respectfully dissent in this matter. Boiled down to its essential elements, this personal injury case revolved around an elderly man who claimed he was hospitalized when his pre-existing heart condition was aggravated by a motor vehicle accident. The motor vehicle accident happened on November 10, 1997, and the plaintiff was hospitalized on December 12, 1997, roughly one month later. He was discharged two days later with a diagnosis of "acute anxiety state from recent auto accident." (Plaintiff's Exhibit 12.)
At trial, the plaintiff offered his medical records into evidence along with the hospital's charges of $3,991.48. (Plaintiff's Exhibit 11.) The trial court sustained an objection to the admission of these relevant records, and the jury then came back with a verdict for the plaintiff in the amount of $1,023.50. There can be no question that this verdict is not supported by this evidence.
Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Relevant evidence is generally admissible. Evid.R. 402. A trial court has broad discretion in the admission of evidence. State v. Robb (2000), 88 Ohio St.3d 59, 68. Decisions regarding the admission or exclusion of evidence will not be disturbed absent an abuse of that discretion. State v. Graham (1979),58 Ohio St.2d 350, 352. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
How was this jury supposed to evaluate plaintiff's claim that he was hospitalized as a result of this accident without the benefit of reviewing his hospital records? The majority suggests that the trial court's exclusion of this relevant information was somehow overcome by the doctor testifying. I disagree. There is no substitute for competent written medical records when there has been a hospitalization. Certainly the testimony of a physician is important. But just as certainly, any good jury has a natural tendency to discount the testimony of a witness who is aligned with one side or another at trial. The hospital records in question, particularly as they document treatments, diagnostic tests, and nearly $4,000 in expenses, were an indispensable element in the presentation of this matter. Anything less is going to give the jury a license to speculate.
It was an abuse of discretion for the trial court to exclude relevant evidence. The proof of the matter is found in the verdict. Are we to assume that the jury found for the plaintiff, and then decided to compensate him for one fourth of his loss? If that is the case, then the verdict falls on another theory. Either way, the plaintiff-appellant is entitled to his day in court where the jury considers all the relevant evidence.