OPINION
The appellants, Shari Bryant ("Ms. Bryant") and Vincent G. Leitch, Sr. ("Mr. Leitch"), appeal the judgment of the Seneca County Juvenile Court, adjudicating their minor son, Vincent G. Leitch, Jr. ("Vincent, Jr.") a dependent child, pursuant to R.C. 2151.04(C). Based on the following, we affirm the judgment of the lower court.
Vincent, Jr. was born to Ms. Bryant and Mr. Leitch on January 31, 2001. Although Ms. Bryant was married to another man when she gave birth, genetic testing ordered by the trial court later showed that Mr. Leitch is Vincent, Jr.'s biological father. The day after the birth, Ms. Bryant called the Department of Job and Family Services ("DJFS") to inform her ongoing caseworker that she had delivered the infant. The DJFS filed an ex parte motion for custody, which was granted. Vincent, Jr. was taken from the hospital and eventually placed in the home of his maternal grandmother.
The DJFS was involved with Ms. Bryant at the time of Vincent, Jr.'s birth because her three older children were in its custody, having been adjudicated neglected children. The DJFS had filed for permanent custody of the other three children prior to Vincent, Jr.'s birth.
The matter came before the trial court on April 27, 2001. In its judgment entry, the trial court found by clear and convincing evidence that Vincent, Jr. was a dependant child as defined by R.C. 2151.04(C).
The appellants now appeal. Ms. Bryant asserts three assignments of error and Mr. Leitch asserts four assignments for our review. For the sake of brevity, the appellants' assignments of error will be combined wherever possible.
 APPELLANT BRYANT'S ASSIGNMENT OF ERROR NO. I The trial court erred by allowing the state to introduce evidence involving appellant's other children when the state alleged dependency pursuant to Ohio Revised Code § 2151.04(C) only.
Ms. Bryant alleges that the trial court erred by permitting the state to introduce evidence about her three other children to show that Nathan, Jr. was a dependent child because the state's complaint was made under MR. 2151.04(C), as opposed to subsection (D) of that section, which, she concedes, would have allowed such evidence to be considered. For the following reason, we disagree.
We begin by noting our standard of review for this assignment of error. A trial court is afforded a wide range of discretion to exclude or admit evidence at a hearing or trial.[1] Therefore, its ruling will not be disturbed on appeal absent an abuse of discretion which amounts to prejudicial error.[2] We note also that an abuse of discretion is more than a mere error of law or judgment.[3] A lower court abuses its discretion only when its judgment reflects an attitude that is unreasonable, arbitrary, or unconscionable.[4]
R.C. 2151.04 contains the various definitions of "dependent child." According to subsection (C), a dependent child is any one "[w]hose condition or environment is such as to warrant the state, in the interests of the child, * * * assuming the child's guardianship." Subsection (D) sets out an additional definition, describing a dependant child as a child
(D) [t]o whom both of the following apply:
 (1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 (2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household.
In making its determination to admit the evidence in question, the trial court referred to R.C. 2151.01, which reads in relevant part:
 The sections in Chapter 2151. of the Revised Code, with the exception of those sections providing for the criminal prosecution of adults, shall be liberally interpreted and construed so as to effectuate the following purposes:
 (A) To provide for the care, protection, and mental and physical development of children subject to Chapter 2151. of the Revised Code * * *.
The trial court specifically stated that its decision to admit evidence regarding Ms. Bryant's other children was based on this provision. We cannot say that the trial court abused its discretion by admitting this evidence, since its decision was squarely grounded in the applicable statute's mandate.
The appellant cannot show that she was in any way prejudiced by the admission of this evidence. The complaint in this case cites as its basis the fact that
 [t]he child would be residing in the home of his mother; a household in which three other children have been removed under allegations of neglect and dependency. The home is still a high risk that does not allow the other children to be returned to the home and they are now in the temporary care of the Seneca County Department of Job and Family Services in foster care pending further hearing on complaints filed for permanent custody.
Although the complaint goes on to cite only subsection (C), the language in the complaint should have put Ms. Bryant on notice that evidence regarding her other children would be discussed.
Accordingly, Appellant Bryant's first assignment of error is overruled.
 APPELLANT BRYANT'S ASSIGNMENT OF ERROR NO. II The trial court erred by allowing the state to introduce evidence involving appellant's other children when the state failed to disclose in their response to discovery any evidence pertaining to the other children.
Ms. Bryant asserts that the trial court erred in allowing the introduction of evidence regarding pending cases involving her three other children because the state provided no discovery regarding them. Ms. Bryant further claims that her due process rights were violated because she was unable to adequately prepare for the state's witness.
It is axiomatic that a trial court always enjoys considerable discretion in the regulation of discovery proceedings.[5] Hence, unless there is an abuse of discretion by the trial court, its discovery ruling will be upheld on appeal.[6]
When a discovery violation occurs, the appropriate sanction is generally left to the discretion of the trial court.[7] Crim.R. 16(E)(3) states that if a party has failed to comply with discovery proceedings, the court may grant a continuance, prohibit the use of the evidence, or make any other order it deems just under the circumstances.
The Ohio Supreme Court has held that a trial court does not abuse its discretion when admitting the testimony of an undisclosed witness if (1) the failure to provide discovery was not willful, (2) foreknowledge of the statement would not have benefited the defendant in the preparation of the defense, and (3) the defendant was not prejudiced by the admission of the evidence.[8]
This standard of review applies equally to other evidence not properly disclosed by the state but admitted at trial.[9]
In response to her discovery request, the state provided Ms. Bryant with a list of its potential witnesses. At the head of this list was the name of the DJFS case manager who worked on the cases involving Ms. Bryant's other children. Attached to the back of the discovery response was a report from DJFS that made extensive reference to the problems involving her other children and citing those problems as being among the concerns that prompted Vincent, Jr.'s removal from Ms. Bryant's care. Furthermore, during the state's case, no physical evidence not mentioned in the state's discovery response was admitted.
In light of all of the information with which the appellant was supplied, it is logical that the trial court would determine that any shortcomings in the discovery process were not willful. Furthermore, since the evidence objected to was merely a factual history of the DJFS' involvement with Ms. Bryant, it cannot be said that foreknowledge would have benefited the defendant in the preparation of the defense. It is hard to see how she could have disputed such information. Finally, Ms. Bryant was not prejudiced because the information she did have essentially put her on notice that evidence regarding her other children would be presented.
Accordingly, Appellant Bryant's second assignment of error is overruled.
APPELLANT BRYANT'S ASSIGNMENT OF ERROR NO. III
 The trial court's finding the minor child to be dependent was against the manifest weight of the evidence.
 APPELLANT LEITCH'S ASSIGNMENT OF ERROR NO. I
 The trial court committed reversible error in making a finding of dependency which is against the manifest weight of the evidence.
Both appellants contend that the trial court's adjudication of dependency was against the manifest weight of the evidence. The main thrust of both the appellants' arguments is that because the child has not yet been in their care, there could be no evidence to support a finding of dependency. For the following reasons, we disagree with the appellants.
Where the state can show, by clear and convincing evidence, that the "condition" or "environment" into which a newborn baby would enter would be threatening to the health and safety of the child, the state may intervene and have the child declared a "dependent child" pursuant to R.C. 2151.04(C).[10] Clear and convincing evidence is that level of proof that would cause the trier of fact to develop a firm belief or conviction as to the facts sought to be proven.[11] As the reviewing court, we cannot reverse the trial court's determination of dependency herein unless we find that it is not supported by sufficient evidence to meet the clear and convincing standard of proof.[12]
Ohio courts have held that the focus of a charge that a child is dependent is on the child and his condition, not the faults of the parents, and a finding of dependency must be grounded on whether the child is receiving proper care.[13]
However, where the state can show that the "condition" or "environment" into which a newborn baby will enter is such as to justify the state's preventing that child from entering that environment, it is clear that the state may intervene.[14] By focusing on the environment, which can be viewed and evaluated with or without the child, the legislature has chosen to permit the state to intercede in familial affairs at this early stage.
 A juvenile court should not be forced to experiment with the health and safety of a newborn baby where the state can show * * * that placing the child in such an environment would be threatening to the health and safety of that child.[15]
Evidence presented at the hearing showed that Ms. Bryant failed to protect her other children from abuse and neglect, that her other children had severe speech and behavioral problems, and that there was an action pending to terminate her parental rights with regards to the other children. Furthermore, Ms. Bryant failed to complete parenting programs in a timely fashion. Evidence regarding Mr. Leitch revealed that he had a prior criminal record for assault and, according to testimony offered by the baby's grandmother, that he appeared uncomfortable caring for Vincent, Jr. and has not made any attempt to independently care for the child.
Especially when coupled with the tender age of Vincent, Jr., the evidence before the trial court was clear and convincing proof that the "condition" or "environment" into which a newborn baby would have entered justified preventing that child from entering that environment.
Accordingly, Appellant Bryant's third assignment of error and Appellant Leitch's first assignment of error are overruled.
 APPELLANT LEITCH'S ASSIGNMENT OF ERROR NO. II The trial court erred in requiring Vincent Leitch, Sr. to demonstrate independent parenting skills.
Appellant Leitch contends that it was error for the trial court to find Vincent, Jr. to be dependant based in part on Mr. Leitch's failure to demonstrate independent parenting skills required to care for and protect the child. We find Mr. Leitch's argument unpersuasive.
Mr. Leitch points out that that the DJFS has no prior involvement with him and, thus, has no information upon which to base their assumption about his lack of parenting skills. He argues that where there is no such prior information, then the state has failed to meet its burden by clear and convincing evidence and that he should not be forced to prove his parenting aptitude before he may enjoy custody of his son.
The 12th District case, In re Campbell, also involved a situation where the trial court was presented with no evidence regarding a father's prior parenting ability. In that case, the court found sufficient evidence to permanently remove the infant child from its parents' care before it lived with them. The Campbell court stated that
 [i]n holding that a complaint alleging that a nine-day old child is dependent is not inherently improper, we must necessarily balance the "fundamental liberty interest" of natural parents in the care and custody of their children with the state's parens patriae authority to protect the health and safety of young children.[16]
In conducting our analysis, we are mindful, as was the court inCampbell, that a thorough review is required in order to adequately protect Mr. Leitch's fundamental rights. Although this is Mr. Leitch's first child and, consequently, he had no previous track record with children, the state offered other evidence at the hearing from which the trial court could infer much. Specifically, the child's grandmother testified that Mr. Leitch was uncomfortable caring for the child, especially when it came to the child's most basic needs like feeding and changing and dealing with him when he is fussy. In light of Ms. Bryant's previous track record, it would be especially important that Mr. Leitch exhibit those types of skills with the infant. Also, the appellant has exhibited at least some violent behavior in the past, as is evidenced by his prior conviction for assault. Finally, the appellant has been unable to maintain steady employment; he has either been fired from or left after a brief period each of his past jobs.
We find that is was proper for the trial court to essentially count Ms. Bryant's prior problems against Mr. Leitch, in light of the fact that she would continue to be part of the household along with Mr. Leitch and Vincent, Jr. As mentioned in the previous assignment of error, the trial court must look to the condition into which child will enter to determine dependency. Given the extreme concerns regarding Ms. Bryant and the independent evidence regarding Mr. Leitch, the trial court did not err in considering Mr. Leitch's lack of proven parenting skills.
Accordingly, Appellant Leitch's second assignment of error is overruled.
 APPELLANT LEITCH'S ASSIGNMENT OF ERROR NO. III The Department of Job and Family Services did not present credible evidence that there was a genuine issue as to the paternity of Vincent Leitch, Jr.
Appellant Leitch asserts that the trial court could not properly base its finding of dependency, in part, on potential paternity disputes regarding Vincent, Jr. Mr. Leitch asserts that the DJFS, through the state, did not present clear and convincing evidence that any paternity issues existed.
R.C. 3111.03 guides legal presumptions regarding the father-child relationship, including proper means of rebutting these presumptions. The relevant portions of this statute read:
 (A) A man is presumed to be the natural father of a child under any of the following circumstances:
 (1) The man and the child's mother are or have been married to each other, and the child is born during the marriage or is born within three hundred days after the marriage is terminated by death, annulment, divorce, or dissolution or after the man and the child's mother separate pursuant to a separation agreement.
* * *
 (B) A presumption that arises under this section can only be rebutted by clear and convincing evidence that includes the results of genetic testing[.]
Because Ms. Bryant was married at the time that Vincent, Jr. was born, pursuant to R.C. 3111.03(A), Ms. Bryant's husband was the presumed father of the infant. Nevertheless, she and Mr. Leitch insisted that Mr. Leitch was the biological father. Presumably to resolve paternity, the trial court ordered Ms. Bryant, Mr. Leitch, and Vincent, Jr. to submit to genetic testing. The test revealed probability that Mr. Leitch was Vincent, Jr.'s father to be 99.99%. These results were provided to the court prior to the final dependency hearing. Based on that evidence, the trial court found that Mr. Leitch was the natural father of the infant. Thus, at the time of the dependency hearing, there was no issue regarding paternity. Therefore, we agree with the appellant that the trial court erred in giving weight to potential future paternity disputes. However, even without this factor, the trial court still had before it clear and convincing evidence upon which to base its finding of dependency. Therefore, Mr. Leitch was not prejudiced by this error.
Accordingly, Appellant Leitch's third assignment of error is overruled.
 APPELLANT LEITCH'S ASSIGNMENT OF ERROR NO. IV The Trial Court erroneously weighed Vincent Leitch, Sr.'s prior assault conviction in adjudicating Vincent Leitch, Jr. dependent.
Mr. Leitch assigns error to the trial court's consideration of his prior assault conviction. Specifically, he asserts that because there was no evidence presented to show that a criminal background check was run and no testimony regarding the specific details of the conviction, the court should not have weighed the assault when making its determination regarding dependency. In addition, Mr. Leitch seems to suggest that the nature of the assault makes it irrelevant to a determination of dependency. For the following reasons, we disagree.
The evidence presented by the state regarding Mr. Leitch's assault conviction was uncontroverted. It was presented through testimony of a DJFS caseworker, who stated that Mr. Leitch volunteered this information to her. Even now, Mr. Leitch does not attempt to dispute that he was convicted of assault. Especially considering that this case dealt with the well-being of an infant child, the trial court was well within its discretion to consider any acts of violence committed by Mr. Leitch in reaching its determination.
Accordingly, Appellant Leitch's fourth assignment of error is overruled.
Having found no error prejudicial to either appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
SHAW and BRYANT, J.J., concur.
[1] State v. Lundy (1987), 41 Ohio App.3d 163; State v. Graham
(1979), 58 Ohio St.2d 350.
[2] Id.
[3] Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131.
[4] Id.
[5] State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, paragraph one of the syllabus.
[6] Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, 592.
[7] Crim.R. 16(E)(3); State v. Scudder (1994), 71 Ohio St.3d 263,268.
[8] State v. Heinsh (1990), 50 Ohio St.3d 231, 236; State v. Terry
(1998), 130 Ohio App.3d 253, 260.
[9] Scudder, 71 Ohio St.3d at 269.
[10] In re Campbell, 13 Ohio App.3d 34, syllabus.
[11] Cross v. Ledford (1954), 161 Ohio St. 469.
[12] See In re Adoption of Holcomb (1985), 18 Ohio St.3d 361.
[13] See, e.g., In re Bibb (1980), 70 Ohio App.2d 117; In re Justice
(1978), 59 Ohio App.2d 78.
[14] See R.C. 2151.04(C).
[15] Campbell, 13 Ohio App.3d at 36.
[16] Id. at 36.