[Cite as *Fostoria v. Heimberger*, 2018-Ohio-636.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO. 13-17-24

      v.

DEBRA A. HEIMBERGER,               O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. TRD1701183

Judgment Affirmed

Date of Decision:   February 20, 2018

APPEARANCES:

    *Debra A. Heimberger,* **Appellant**

    *Charles R. Hall, Jr.* **for Appellee**

Case No. 13-17-24

**SHAW, J.**

{¶1} Defendant-appellant, Debra A. Heimberger ("Heimberger"), brings this appeal from the July 18, 2017, judgment of the Tiffin-Fostoria Municipal Court finding Heimberger guilty of a red light infraction in violation of Fostoria Codified Ordinance 313.03(c)(1), a minor misdemeanor. On appeal Heimberger argues that there was insufficient evidence presented to convict her, that her conviction was against the manifest weight of the evidence, and that the trial court improperly relied upon hearsay testimony to convict her.

*Relevant Facts and Procedural History*

{¶2} On April 3, 2017, Heimberger was charged with a red light violation in contravention of Fostoria Codified Ordinance 313.03(c)(1), a minor misdemeanor. It was alleged that Heimberger ran a red light and struck a vehicle driven by Joseph Wymer. Heimberger pled not guilty to the charge and her case proceeded to a bench trial.[1]

{¶3} At trial the prosecution presented the testimony of Wymer, who indicated that Heimberger drove through a red light and struck his vehicle while he was proceeding through a green light. The prosecution also called Sergeant Clayton Moore of the Fostoria Police Department who responded to the scene of the accident to investigate it. Sergeant Moore testified that he determined that Heimberger had

---

[1] Heimberger represented herself at trial and she brings this appeal *pro se*.

driven through a red light and struck Wymer's vehicle. He then cited Heimberger for a violation.

{¶4} Heimberger testified on her own behalf indicating that she had not run a red light, contending rather that Wymer actually struck her vehicle. At the conclusion of the testimony the matter was submitted to the trial court for a decision. The trial court ultimately found Heimberger guilty and ordered her to pay a $100 fine and court costs.

{¶5} It is from this judgment that Heimberger appeals, asserting the following assignments of error for our review.[2]

**Assignment of Error No. 1**
**The verdict of the trial court was against the manifest weight of the evidence.**

**Assignment of Error No. 2**
**The verdict of the trial court convicting Appellant of a red light violation was not based on sufficient evidence.**

**Assignment of Error No. 3**
**The verdict of the trial court was based in whole or in part on the hearsay testimony of a police officer that did not witness the alleged red light traffic violation.**

{¶6} For the sake of clarity, we elect to address the assignments of error out of the order in which they were raised.

---

[2] In her brief to this Court, Heimberger styles her assignments of error as "propositions of law," which are appropriately directed to the Supreme Court of Ohio. Nevertheless, we will treat her "propositions" as though they were properly raised assignments of error. We would note that in her brief Heimberger's "propositions of law" are actually stated differently and ordered inconsistently on pages 2 and 4. We will use the stylings of page 4 of her brief, which seem most consistent with the actual arguments being made later in the brief.

*Second Assignment of Error*

**{¶7}** In her second assignment of error, Heimberger argues that there was insufficient evidence presented to convict her. Specifically, Heimberger argues that the testimony of the prosecution's witnesses was essentially not credible and was not corroborated.

Standard of Review

**{¶8}** Whether there is legally sufficient evidence to sustain a conviction is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Sufficiency is a test of adequacy. *Id.* When an appellate court reviews a record upon a sufficiency challenge, " 'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Leonard*, 104 Ohio St.3d 54, 2004–Ohio–6235, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

Evidence Presented by the Prosecution

**{¶9}** At trial the prosecution first called Joseph Wymer, who indicated that on April 3, 2017, he was driving a commercial truck with a plow hitch on the front. Wymer testified that after he picked up breakfast he got into a lane to turn left in order to go north toward business property. He testified that at the time he was behind another vehicle that was turning left. Wymer testified that the light for him

was green, that the vehicle in front of him proceeded to turn left through the green light, and that Wymer went to turn left as well while the light was still green. Wymer testified that when he went to make his left turn he was struck on the front driver's side of his vehicle by Heimberger's vehicle. It was indicated that Heimberger's vehicle was traveling south. Wymer testified that he was not injured as a result of the accident and that there was no damage to his vehicle, but he thought Heimberger's vehicle was "probably totaled." (Tr. at 9).

{¶10} Wymer testified that he waited near his vehicle and Sergeant Moore of the Fostoria Police Department arrived on scene approximately two minutes later. Wymer testified that Sergeant Moore determined Heimberger to be at fault for running through a red light.

{¶11} The prosecution next called Sergeant Clayton Moore of the Fostoria Police Department. Sergeant Moore testified that he had received training in accident investigation and that he had investigated numerous accidents over his 31-year career.

{¶12} Sergeant Moore testified that he was on duty on April 3, 2017, when he was approached by a vehicle and told by an occupant that there was an accident at a nearby intersection. Sergeant Moore testified that he did not witness the accident but he approached the scene to investigate it.

{¶13} Sergeant Moore testified he spoke with both Wymer and Heimberger at the scene of the accident and that he ultimately determined, "[i]n a nutshell, that Ms. Heimberger ran a red light." (Tr. at 35). Sergeant Moore testified that in his opinion Heimberger running the red light caused the accident.

{¶14} Sergeant Moore testified that he spoke with Heimberger at the scene and showed her that it was not possible for her to have a yellow light while Wymer had a green light as he thought she had suggested. Sergeant Moore also testified that the damage to Heimberger's vehicle indicated she was traveling at a higher rate of speed. He testified that, taking everything into account, including Wymer's definitive statement, he issued a citation to Heimberger.

{¶15} On cross-examination, Sergeant Moore testified that he estimated Heimberger as driving approximately 30 mph while Wymer was driving approximately 5 mph. Heimberger questioned Sergeant Moore as to the accuracy of his report, noting apparent discrepancies. Sergeant Moore indicated that he felt his report was not inaccurate, but rather just not entirely complete.

{¶16} At the conclusion of Sergeant Moore's testimony, the prosecution rested its case.

Analysis

{¶17} On appeal, Heimberger argues that there was insufficient evidence presented to convict her. She argues that the prosecution failed to present a witness

to the accident and that Sergeant Moore's testimony was not credible because his report contained what she felt was inaccurate information.

{¶18} Heimberger's argument ignores the fact that Wymer, as victim in this case, was a witness to the red light violation and that he testified that he was proceeding through a green light when he was struck by Heimberger. It is well-settled that the testimony of a single witness, if believed by the finder of fact, is sufficient to support a criminal conviction. *State v. Barrie*, 10th Dist. Franklin No. 15AP-848, 2016-Ohio-5640, ¶ 21.

{¶19} Moreover, Sergeant Moore testified that the evidence at the scene that he witnessed after-the-fact seemed to corroborate Wymer's story. When viewing the evidence in the light most favorable to the prosecution, as we are directed, we cannot find that there was insufficient evidence presented to convict Heimberger of a red light violation. Therefore, her second assignment of error is overruled.

*First Assignment of Error*

{¶20} In Heimberger's first assignment of error, she argues that even if there was sufficient evidence presented to convict her of a red light violation, her conviction was against the manifest weight of the evidence. Specifically, she argues that Sergeant Moore did not witness the accident and his testimony could not be relied upon. She also contends that there was no damage to Wymer's construction

truck while her car was totaled, which made the officer's speed estimate, in her mind, seem unlikely.

## Standard of Review

**{¶21}** In reviewing whether the trial court's judgment was against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and examines the conflicting testimony. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). In doing so, this Court must review the entire record, weigh the evidence and all of the reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387.

## Heimberger's Testimony

**{¶22}** In her case-in-chief, Heimberger testified on her own behalf, indicating that Wymer actually struck her and that the plow bar on Wymer's truck went through her car causing the damage to her vehicle. Heimberger testified that she was in the process of stopping at a red light when she was hit by Wymer because Wymer was "turning short" and struck her. (Tr. at 63).

**{¶23}** Heimberger testified that Wymer was going faster than the 5 mph that Sergeant Moore estimated him as going and that the "flash of yellow" that she told the officer she thought she saw was on Wymer's plow bar, not the traffic light being

yellow. (Tr. at 66). On cross-examination Heimberger emphasized that her light was red as she approached it and that she was trying to stop at it.

Analysis

**{¶24}** Although Heimberger testified in her own defense to dispute the allegations presented by the prosecution, the trial court was free to find her version of events not to be credible. "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass,* 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. In other words, a factfinder is "entitled to believe the testimony offered by the [prosecution]'s witnesses." *State v. Wareham,* 3d Dist. Crawford No. 3–12–11, 2013–Ohio–3191, ¶ 25, citing *State v. Bates,* 12th Dist. Butler No. CA2009–06–174, 2010–Ohio–1723, ¶ 11.

**{¶25}** On appeal, Heimberger repeatedly asserts that there were no witnesses to the accident because Sergeant Moore did not see it; however, she ignores the fact that Wymer testified regarding the accident and he was the primary witness for the prosecution. Although Heimberger suggests that the testimony against her was not credible we cannot find that the trial court clearly lost its way in convicting her of a red light violation. Therefore, Heimberger's first assignment of error is overruled.

*Third Assignment of Error*

**{¶26}** In her third assignment of error, Heimberger argues that the trial court erred in allowing Sergeant Moore to introduce what she characterizes as "hearsay" testimony related to his investigation of the purported traffic violation. Specifically, she contends that because Sergeant Moore was not present to witness the accident, his testimony was hearsay.

Standard of Review

**{¶27}** Generally, we review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *State v. Lauf*, 3d Dist. Putnam No. 12–16–06, 2017–Ohio–608, ¶ 54, citing *State v. Cassel*, 2d Dist. Montgomery No. 26708, 2016–Ohio–3479, ¶ 13, citing *State v. Graham,* 58 Ohio St.2d 350 (1979), and *State v. Morris,* 132 Ohio St.3d 337, 2012–Ohio–2407, ¶ 19. An abuse of discretion constitutes a decision that is arbitrary, capricious, or grossly unsound. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶28}** However, where there was no objection to an evidentiary issue before the trial court, we review the matter on appeal for plain error. *State v. Holton*, 3d Dist. Logan No. 2017-Ohio-6934, ¶ 18. We take notice of plain error "with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice." *State v. Long,* 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. To prevail under plain error, Heimberger must show that an error occurred, that the

error was plain, and that but for the error, the outcome of the trial clearly would have been otherwise. *State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, ¶ 69, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

Analysis

{¶29} Heimberger did not formally object to Sergeant Moore's testimony, thus we would typically review it under a plain error standard. Nevertheless, even if we assumed that Heimberger's dispute regarding the accuracy of Sergeant Moore's testimony amounted to an objection, she still failed to demonstrate an error in this case.

{¶30} First, Sergeant Moore provided no testimony beyond what he observed at the scene of the accident after he arrived and his conclusions he reached therefrom. He made it perfectly clear he did not witness the accident and testified as to how he determined what, in his opinion, had happened.

{¶31} Second, even if we assumed that *all* of Sergeant Moore's testimony was hearsay and was inadmissible, the testimony of Wymer, who was struck by Heimberger, was direct testimony that was more than adequate to convict Heimberger. Based on these reasons, Heimberger's third assignment of error is overruled.

*Conclusion*

**{¶32}** For the foregoing reasons Heimberger's assignments of error are overruled and the judgment of the Tiffin-Fostoria Municipal Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**