[Cite as *Adams v. Romine*, 2019-Ohio-482.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| TINA ADAMS | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2018-0043 |
| EDWARD J. ROMINE | : |  |
|  | : |  |
| Defendant-Appellee | : | OPINION |

CHARACTER OF PROCEEDING:      Civil appeal from the Muskingum County
Court of Common Pleas, Case No.
CC2018-0056

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 11, 2019

APPEARANCES:

For Plaintiff-Appellant

MILES FRIES
320 Main Street, P.O Box 190
Zanesville, OH 43702

For Defendant-Appellee

JENNIFER WILSON
65 East State Street, Ste. 800
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellant appeals the June 1, 2018 judgment entry of the Muskingum County Court of Common Pleas granting appellee's motion for summary judgment.

*Facts & Procedural History*

{¶2} On February 20, 2018, appellant Tina Adams filed a complaint against appellee Edward Romine. In the complaint, appellant alleges appellee was the owner of the residential premises located at 506 Wayne Avenue and appellant was a tenant of appellee, residing at 506 Wayne Avenue. Appellant avers appellee, "as the landlord, had a duty to maintain the premises in a safe and habitable condition, free of hazards and defects." Further, that she suffered serious injuries "as a direct and proximate result of the negligence of the defendant in failing to maintain the premises in a safe condition, free of hazards." Appellant alleges the "back steps of the subject premises were hazardous, thereby constituting the negligence of the defendant and resulting in the injuries suffered by the plaintiff."

{¶3} Appellee filed an answer March 5, 2018, admitting appellant was a tenant prior to her eviction and admitting landlords and tenants have duties as set forth by the Ohio Revised Code, but denying the remainder of the allegations.

{¶4} Appellee filed a motion for summary judgment on April 2, 2018, arguing appellant's claims are barred by res judicata.

{¶5} Attached to the motion for summary judgment is the affidavit of appellee. Appellee avers he is the landlord for the property at 506 Wayne Avenue and he and appellant entered into a lease of the property in 2006. Appellee alleges he filed a forcible entry and detainer action and damages action against appellant in Zanesville Municipal

Court in 2014. Appellee states appellant did not file a counterclaim, the municipal court conducted a damages hearing, and the municipal court awarded a judgment in appellee's favor in the amount of $3,268.61 on his damages claim. Appellee attached a copy of the agreed judgment entry and judgment entry on damages from the municipal court, and avers they are true and accurate copies.

{¶6} The agreed judgment entry dated August 28, 2014 states appellee agreed to dismiss the forcible entry and detainer action if appellant vacated the property on or before September 30, 2014. Appellee further agreed to dismiss the damages action if appellant vacated the property by September 30, 2014 and left the premises in good condition. The agreed judgment entry states if, upon inspection by appellee, the premises were not in good condition, appellee may proceed with the damages cause of action; additionally, that appellant had until October 28, 2014 to file her answer to the damages cause of action.

{¶7} The November 24, 2014 judgment entry states the court held a damages hearing and ordered judgment be entered in favor of appellee in the amount of $3,268.61.

{¶8} Appellant filed a memorandum contra to appellee's motion on May 10, 2018. Attached to the memorandum in opposition is appellant's affidavit. Appellant avers it was her understanding that upon her moving out of the premises, the entire complaint against her would be dismissed in municipal court. Further, appellant states she did not receive notice of the damages hearing, was unaware judgment had been rendered against her, and her attorney in the municipal court action did not advise her it was necessary to assert a claim for the injuries she suffered.

{¶9} Appellee filed a reply in support his motion for summary judgment on May 24, 2018.

{¶10} The trial court granted appellee's motion on June 1, 2018. Appellant appeals the June 1, 2018 judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶11} "I. RES JUDICATA DOES NOT BAR APPELLANT'S COMPLAINT BECAUSE SHE DID NOT HAVE A FULL AND FAIR OPPORTUNITY TO LITIGATE HER CLAIM IN THE FORCIBLE ENTRY AND DETAINER ACTION.

{¶12} "II. APPELLANT'S PERSONAL INJURY CLAIM AGAINST HER FORMER LANDLORD DID NOT CONSTITUE A COMPULSORY COUNTERCLAIM REQUIRED TO BE ASSERTED IN THE FORCIBLE ENTRY AND DETAINER ACTION."

*Summary Judgment Standard*

{¶13} Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being

entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶14}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

**{¶15}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

## I. & II.

**{¶16}** We consider appellant's assignments of error together because they are interrelated.

**{¶17}** Appellant argues res judicata does not apply because she did not have a full and fair opportunity to litigate her claims in the municipal court action because she believed the case was dismissed after she moved out and because she was not given

proper notice of the damages hearing. Appellee contends the requirements for res judicata are met.

**{¶18}** The doctrine of res judicata precludes "relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *State ex rel. Kroger Co. v. Indus. Comm.*, 80 Ohio St.3d 649, 687 N.E.2d 768 (1998). In order to apply the doctrine of res judicata, we must conclude the following: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).

**{¶19}** There is no dispute the prior damages action involved the same parties as in this case, appellant and appellee. Additionally, though appellant alleges she did not have a full and fair opportunity to litigate her claim in the municipal court action because she did not know she had to present her counterclaim at that time, res judicata also extends to claims that "were or could have been litigated" in the first action. *State ex rel. Massey v. Stark Cty. Common Pleas Ct.*, 5th Dist. Stark No. 2017CA00003, 2017-Ohio-1351; *Franklin v. Brown*, 5th Dist. Richland No. 16CA24, 2016-Ohio-7032. Appellant alleges she suffered injury on the steps on May 1, 2014. The damages action was filed on August 4, 2014 and judgment was entered against appellant on November 24, 2014. Thus, appellant's negligence claim could have been litigated in the first action.

**{¶20}** Further, the November 24, 2018 judgment entry of the Zanesville Municipal Court granting judgment to appellee and awarding appellee damages of $3,268.61 is a

prior valid judgment on the merits. Though appellant argues she was not given proper notice of the damages hearing in the municipal court case and contends she thought the case was dismissed after she moved out, the November 24, 2014 judgment entry was a valid judgment on the merits from which no appeal was taken.

{¶21} In this case, the question of whether both actions arise out of the same transaction or occurrence for purposes of res judicata is intertwined with the question of whether appellant's claim in this case was a compulsory counterclaim to appellee's prior damages action. Appellant contends her claim is not a compulsory counterclaim because a claim by a tenant does not have to be asserted as a counterclaim in a forcible entry and detainer action. Specifically, appellant argues Civil Rule 13(A) is inapplicable to forcible entry and detainer actions. Appellee argues appellant's claim was a compulsory counterclaim to the action for damages in 2014.

{¶22} Civil Rule 13 governs compulsory counterclaims and provides, "a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

{¶23} The Ohio Supreme Court provides a two-part test for determining whether there is a compulsory counterclaim: (1) does the claim exist at the time of serving the pleading; and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim. *Retting Enters. Inc. v. Koehler*, 68 Ohio St.3d 272, 626 N.E.2d 99 (1994). If a party fails to raise a compulsory counterclaim in an initial suit, res judicata bars that party from raising it in any subsequent action. *Id.*

**{¶24}** In this case, there is no dispute appellant's claim existed at the time appellee filed his complaint.  As the first prong of the two-part test is met, the remaining question is whether the claim in this action arises out of the same transaction or occurrence that is the subject of the first action.

**{¶25}** In order to determine whether claims arise out of the same transaction or occurrence, courts most frequently utilize the "logical relation test."  *Id.*  "Under this test, a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts."  *Id.*  The *Rettig* court further stated, "multiple claims are compulsory counterclaims where they involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties."  *Id.*  The purpose is to "avoid multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters."  *Id.*

**{¶26}** Appellant is correct is her assertion that, pursuant to R.C. 1923.03, judgments under forcible entry and detainer "are not a bar to a later action brought by either party."  However, appellee in this case also joined an action for damages with his forcible entry and detainer action.  Although Civil Rule 13(A) is inapplicable to a forcible entry and detainer action, it is applicable to a suit for back rent or for money damages. *Haney v. Roberts*, 130 Ohio App.3d 293, 720 N.E.2d 101 (4th Dist. Scioto 1998); *Carter v. Russo Realtors*, 10th Dist. Franklin No. 99AP-585, 2000 WL 249137 (March 7, 2000); *Kerr v. Lakewood Shore Towers, Inc.*, 8th Dist. Cuyahoga No. 93462, 2010-Ohio-265.

Thus, when a landlord sues for back rent or money damages, the tenant has a Civil Rule 13(A) duty to assert any compulsory counterclaim in the action.  *Id.*

**{¶27}** Appellee argues the "logical relation" test is met in this case because both this case and the previous case involve rights and duties arising from the rental agreement and the landlord/tenant relationship.

**{¶28}** Ohio's Landlord-Tenant Act "codifies the law of this state regarding rental agreements for residential premises, and governs the rights and duties of both landlords and tenants."  *Vardeman v. Llewellyn*, 17 Ohio St.3d 24, 476 N.E.2d 1038 (1985).  The Ohio Supreme Court has stated the intent of the General Assembly in enacting the Landlord-Tenant Act is "to provide tenants with greater rights and to negate the previous tort immunities for landlords."  *Shroades v. Rental Homes, Inc.*, 68 Ohio St.2d 20, 427 N.E.2d 774 (1981).

**{¶29}** The Landlord-Tenant Act imposes specific statutory duties when the parties enter into a rental agreement.  "R.C. 5321.04(A) sets forth the obligations of a landlord who is a party to a rental agreement" and, "among other duties," a landlord must "make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition," R.C. 5321.04(A)(2), and "keep all common areas of the premises in a safe and sanitary condition." R.C. 5321.04(A)(3); *Mann v. Northgate Investors, LLC*, 138 Ohio St.3d 175, 2014-Ohio-455, 5 N.E.3d 594.  "The purpose of the statute is to protect persons using rented residential premises from injuries."  *Shroades v. Rental Homes, Inc.*, 68 Ohio St.2d 20, 427 N.E.2d 774 (1981).

**{¶30}** Courts addressing the issue have held that claims stemming from the rental agreement or the Landlord-Tenant Act are compulsory counterclaims in lawsuits for

forcible entry and detainer coupled with an action for back rent and/or money damages. *Sherman v. Pearson*, 110 Ohio App.3d 70, 673 N.E.2d 643 (1st Dist. Hamilton 1996) (holding appellant's personal injury claim for a fall on stairs was a compulsory counterclaim she was required to assert in the landlord's earlier action against her for forcible entry and detainer and back rent because both actions involved rights and duties arising from the rental agreement and the obligations and duties which the Landlord-Tenant Act imposes as a consequence of the agreement); *Forney v. Climbing Higher Enterprises, Inc.*, 158 Ohio App.3d 338, 815 N.E.2d 722 (9th Dist. Summit 2004) (holding tenant's claim for negligent failure to disclose was a compulsory counterclaim to a joined forcible entry and detainer and damages action because the basis for each cause of action was the landlord-tenant relationship); *McCord v. Costy*, 12th Dist. Clermont No. CA-87-05-036, 1987 WL 27190 (holding appellant's allegation as to the violation of R.C. 5321.04 arises out of the landlord-tenant relationship and is a compulsory counterclaim in a previous forcible entry and detainer action and claim for back rent); *McAlpine v. Patrick*, 8th Dist. Cuyahoga No. 86453, 2006-Ohio-1101 (holding breach of contract action is a compulsory counterclaim to landlord's forcible entry and detainer claim coupled with a claim for back rent because the claim arose out of the landlord-tenant relationship between the parties).

**{¶31}** As noted by the First District, if appellant's negligence counterclaim exceeded the municipal court's monetary jurisdiction, the Ohio Supreme Court has stated the counterclaim still must be pled in the responsive pleading and the remedy is to certify the proceedings to the court of common pleas pursuant to Civil Rule 13(J). *Sherman v.*

*Pearson*, 110 Ohio App.3d 70, 673 N.E.2d 643 (1st Dist. Hamilton 1996), citing *Behrle v. Beam*, 6 Ohio St.3d 41, 451 N.E.2d 237 (1983).

**{¶32}** In this case, appellant's claim is based upon appellee's alleged failure to maintain the premises in a safe and habitable condition, free of hazards and defects and her complaint utilizes the language contained in the Landlord-Tenant Act in R.C. 5321.04(A). The lease agreement upon which appellee earlier sued gave rise to appellee's duty to keep the premises in a safe and habitable condition, free of hazards, which in turn provided appellant with a separate claim for damages. Both this action and appellee's previous action have a common source, the lease agreement between the parties, and the obligations and duties which the Landlord-Tenant Act imposes as a consequence of the agreement. We thus find the "logical relation" test is met in this case because this case and the previous case involve rights and duties arising from the lease agreement and Landlord-Tenant Act.

**{¶33}** Accordingly, we find, pursuant to Civil Rule 13(A), appellant's claim in this case was a compulsory counterclaim she was required to assert in the landlord's earlier action for damages. Because appellant's claim is a compulsory counterclaim to the previous damages action, appellant is barred by the doctrine of res judicata from bringing her claim against appellant in this action.

{¶34} Based on the foregoing, appellant's assignments of error are overruled.

{¶35} The June 1, 2018 judgment entry of the Muskingum County Court of Common Pleas is affirmed.


By Gwin, P.J., and

Wise, J., concur;

Hoffman, J., dissents

*Hoffman, J., dissenting*

{¶36} The majority opinion thoroughly and succinctly sets forth the test to be applied in determining whether Appellant's claim for personal injury is or is not a compulsory counterclaim. And, the majority cites ample authority from four other Appellate Districts within Ohio, which have reached the same conclusion it does.[1] While it would seem a simple matter to merely concur based upon the sheer volume of this case law precedent, I am not yet fully persuaded of the ultimate result in this case. Accordingly, I offer my analysis.

{¶37} I begin by readily conceding certain points. First, Appellant's claim clearly could have been filed as a counterclaim in the forcible and detainer action. Second, Civ.R. 13(A) is applicable to a forcible entry and detainer actions when a claim for back rent and/or damages to the rental premises is sought. Third, Appellant's personal injury action and Appellee's previous municipal court action rise from a common source, their landlord-tenant relationship.[2]

{¶38} The question that must be answered is whether there exists a "logical relation" between the two claims; *i.e.,* do they arise out of the same transaction or occurrence that was the subject matter of Appellee's earlier action.

{¶39} Would separate trials of Appellee's claim for back rent or damage to the rental property require a substantial duplication of effort and time by the parties or courts to try Appellant's personal injury claim separately? I think not.

---

[1] I find Judge Painter's dissent in one of the cases cited by the majority, *Sherman v. Person*, 110 Ohio App.3d 70 (1966), persuasive.

[2] While Appellant's claim is premised on the Landlord-Tenant act, Appellees damages claim would be premised on a violation of the lease agreement.

{¶40} Although the establishment of the landlord-tenant relationship would be needed in both actions, it would seem to be necessarily conceded given the nature of both claims and likely stipulated.

{¶41} Appellee's claims for back rent and/or damages to the leased premises would be irrelevant to Appellant's personal injury claim, other than possibly to offset damages. Appellant's personal injury claim would require evidence that would likewise be irrelevant to Appellee's claim for damages in the underlying forcible entry and detainer action. I see little, if any, real threat of "substantial duplication" of evidence or effort if separate trials were to be held.

{¶42} It seems clear litigation of Appellee's claim for damages in municipal court did not involve a point of law or fact that would need be in Appellant's personal injury claim. I do not find a logical relationship exists between the two actions sufficient to support a determination Appellant's personal injury action was a compulsory counterclaim.

_____
HON. WILLIAM B. HOFFMAN