[Cite as *Soliel Tans, L.L.C. v. Timber Bentley Coe, L.L.C.*, 2019-Ohio-4889.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SOLIEL TANS, L.L.C., ET AL.,               :

    Plaintiffs-Appellants,               :

                         No. 108125

v.               :

TIMBER BENTLEY COE, L.L.C. ET AL.,   :

    Defendants-Appellees.               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 27, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-903198

---

### *Appearances:*

Wendy S. Rosett, *for appellants.*

Dinn, Hochman & Potter, L.L.C., Steven B. Potter, and
Carly A. Boyd, *for appellees.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Soliel Tans, L.L.C. and its managing member Trinity Steffen (collectively referred to as "Tenant" hereafter) appeal from a judgment of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of

Timber Bentley Coe, L.L.C. and its member and agent Douglas Bercu (collectively referred to as "Landlord" hereafter).

{¶ 2} The parties entered into a lease agreement in 2016, and Tenant alleged Landlord failed to properly maintain the premises, causing damages to Tenant. In 2017, Landlord filed a complaint for eviction and breach of contract against Tenant in Rocky River Municipal Court.[1] The municipal court granted eviction, and Landlord subsequently dismissed the breach of contract count of the complaint.

{¶ 3} In 2018, Tenant filed the instant lawsuit in the Cuyahoga County Common Pleas Court. Landlord filed a motion to dismiss on the ground that Tenant's claim for damages relating to the subject lease was barred because Tenant failed to raise compulsory counterclaims regarding its alleged damages stemming from Landlord's breach of the lease in the municipal court case. After providing notice to the parties, the trial court converted the motion to dismiss to a motion for summary judgment and ruled in favor of Landlord. On appeal, Tenant assigns the following two errors for our review:

I. The trial court erred to the prejudice of the Appellants by converting the Appellees' Motion to Dismiss into a Motion for Summary Judgment and, at the very least, by failing to stay the proceedings pursuant to Rule 56(F) of the Ohio Rules of Civil Procedure, as requested by the Appellants.

II. Reviewing the converted Motion for Summary Judgment de novo, the Record is clear and convincing that the trial court

---

[1] In the 2017 municipal court lawsuit (as well as the 2017 common pleas case), only the corporate entities were named as parties. Nonetheless, we will refer to the parties as Landlord and Tenant in all three cases.

erred to the prejudice of the Appellants by granting the Appellees' converted Motion for Summary Judgment.

{¶ 4} Having fully reviewed the record, we find no merit to the claims raised in the assignments of error. Accordingly, we affirm the trial court's judgment.

## I. Substantive Facts and Procedural History

{¶ 5} Timber Bentley Coe, L.L.C. is the owner of a commercial property located at 24101 Lorain Road, North Olmsted, Ohio. Soliel Tans, L.L.C. is a business that provides tanning and related services. On July 28, 2016, the two parties entered into a three-year lease agreement commencing in November 2016. The relationship between Landlord and Tenant deteriorated quickly. Tenant alleged there were several problems with the conditions of the property.[2]

### a. 2017 Cuyahoga County Common Pleas Court Case

{¶ 6} On September 29, 2017, Tenant filed a lawsuit in the Cuyahoga County Common Pleas Court (Cuyahoga C.P. No. CV 17 886685), alleging Landlord breached the lease agreement and also violated its duties as a landlord under R.C. 1310.47. Tenant sought damages, declaratory judgment, and injunctive relief.

---

[2] Apparently, prior to the subject lease, Tenant leased a commercial property in a different location from a different landlord. Tenant alleged that it experienced water leaking and problems with electric equipment and air conditioning in that location and it was forced to close its business on several occasions. Tenant alleged Landlord induced Tenant to move to the subject premises with promises of a location free of these issues. However, Tenant alleged Landlord failed to maintain and repair the subject premises. Tenant also alleged Landlord had permitted Tenant to "delay transferring the electric service into its name and accepted payments of that obligation from [Tenant]" and that Landlord, "with only 48 hours' notice, then informed [Tenant] that [it] intended to terminate electric service as of October 1, 2017."

{¶ 7} However, Tenant's complaint erroneously named "Timber Development Corporation aka Timber Development Company, L.L.C." as the defendant. On December 13, 2017, the trial court dismissed the case with prejudice on the ground that the named defendant was not a party to the lease agreement.

### b. 2017 Municipal Court Case

{¶ 8} While the Cuyahoga County Common Pleas Court case was pending, on November 6, 2017, Landlord filed a complaint for eviction (forcible entry and detainer) and breach of contract against Tenant in the municipal court, in Rocky River M.C. No. 17 CVG 2375. Landlord alleged Tenant failed to (1) pay the security deposit of $3,200, (2) maintain an HVAC Maintenance Agreement as required by the lease, and (3) maintain an insurance policy underwritten by a company rated "best" as also required by the lease. Landlord sought eviction and damages stemming from Tenant's breach of the lease.

{¶ 9} On November 27, 2017, the municipal court held an eviction hearing in the case. After the hearing, the court granted eviction but allowed Tenant to file an answer regarding the breach of contract claim.[3]

---

[3] As alleged by Tenant in its brief in opposition to the motion for summary judgment, Tenant represented that, in the municipal court case, on the same day the eviction hearing was held, November 27, 2017, Tenant filed a motion to dismiss the eviction proceedings or to transfer the matter to the then-pending common pleas case (which was subsequently dismissed due to the erroneously naming of the defendant). The municipal court later dismissed Tenant's motion to transfer as moot.

{¶ 10} On December 29, 2017, Tenant filed an answer, raising 13 affirmative defenses but did not assert any counterclaims against Landlord. Subsequently, on January 23, 2018, Landlord filed a Civ.R. 41(A)(1)(a) notice of dismissal of Count 2 (breach of contract) of its complaint with prejudice. The municipal court journalized the dismissal on January 25, 2018.

### c. Instant Case

{¶ 11} On September 4, 2018, Tenant filed the instant complaint in the Cuyahoga County Common Pleas Court against Landlord, alleging breach of contract, fraudulent inducement, respondeat superior, negligence, and intentional infliction of emotional distress, all relating to the subject lease agreement and subject premises. The complaint named Soliel Tans, L.L.C. and its managing member Trinity Steffen as plaintiffs, and Timber Bentley Coe, L.L.C. and its member and agent Douglas Bercu as defendants.

{¶ 12} On October 4, 2018, Landlord filed a motion to dismiss and requested the motion be converted to a motion for summary judgment should the trial court find consideration of the motion would require an analysis of matters outside the pleading. Landlord argued the complaint should be dismissed because Tenant's claims were compulsory counterclaims in the municipal court case. Landlord attached several exhibits to its motion.

{¶ 13} Exhibit A was a copy the complaint filed on September 29, 2017, in the common pleas court (CV 17 886685); exhibit B was the affidavit of Trinity Steffen filed in that case; exhibit C was a copy of the journal entry in that case

journalized on December 13, 2017; exhibit D was the "Complaint for Eviction and Breach of Contract" filed with the clerk of Rocky River Municipal Court by Attorney Steven Potter on November 6, 2017, at 3:57 p.m., which attached several exhibits — the subject lease agreement; a notice of default dated October 10, 2017; and a three-day notice for eviction; exhibit E was a copy of the journalized entry granting eviction dated November 28, 2017, and signed by a municipal court judge; Exhibit F was a copy of the answer filed by Tenant's attorney Wendy Rosett on December 18, 2017, in that case; Exhibit G was a copy of the dismissal entry signed by the same municipal court judge and journalized on January 25, 2018.

{¶ 14} Also attached to the motion was Attorney Steven Potter's affidavit. Attorney Potter stated the affidavit was made upon personal knowledge and that (1) exhibits A to C were true copies of pleadings or orders filed in *Aces & Jaxis L.L.C. d.b.a. Soliel Tans v. Timber Development Corporation*, Cuyahoga County C.P. No. CV 17 886685, and (2) exhibits D-G were true and accurate copies of pleadings and orders filed or issued in Rocky River M.C. No. 17 CVG 2375.

{¶ 15} Also attached to the motion was an affidavit by Douglas Bercu, a member of Timber Bentley Coe authorized to act on its behalf. Bercu stated (1) Timber Bentley Coe filed a lawsuit against Soliel Tans, L.L.C., in Rocky River M.C. No. 17 CVG 2375, which raised two counts, eviction and damages (for breach of contract); (2) the municipal court held a hearing on the eviction matter on November 27, 2017, where Trinity Steffen appeared on behalf of Soliel Tans; (3) the

municipal court granted eviction; and (4) on January 25, 2018, the municipal court journalized an entry dismissing the damages count of the complaint.

{¶ 16} On October 9, 2018, the trial court in this matter journalized an entry which stated "[t]he court will treat defendants' motion to dismiss as a motion for summary judgment pursuant to Civ.R. 56. Plaintiff[s] to file any brief in opposition by 11/09/2018; [Defendants'] reply, if any, to be filed by 11/19/2018."

{¶ 17} Subsequently, Tenant filed a "Brief in Opposition to Defendants' Motion for Summary Judgment/Motion to Dismiss or Motion to Stay Summary Proceedings."[4] Tenant claimed the trial court should not consider the proceedings in the municipal court case because the court cannot take judicial notice of proceedings in another case. Moreover, Tenant asserted that Attorney Steven Potter was not a records custodian for the court and his affidavit could not authenticate the court documents. Tenant asserted that, in the municipal court case, before Tenant had an opportunity to further investigate the damages and file a counterclaim against Landlord, Landlord prematurely dismissed the breach of contract count of

---

[4] In an affidavit attached to the complaint, Tenant's managing member, Trinity Steffen alleged that Landlord "permitted us, since the inception of the Lease, to delay transferring the electric service into the name of Plaintiff Soliel and accepted payments of that obligation from Plaintiff Soliel. [Landlord], with only 48 hours notice, then informed me that they intended to terminate electric service as of October 1, 2017. [Landlord] did this knowing that we were unable to effect such a transfer on 48-hours notice and that terminating electric service would cause irreparable harm to me and the business." Steffen also alleged that Landlord was "aware that we were experiencing major issues involving water leaking into the premises and electrical equipment as well as inoperable air conditioning ***." She stated Landlord insisted the premises did not have these problems prior to Tenant's move-in.

the case. Tenant asked the court to deny Landlord's motion for summary judgment or, in the alternative, stay the summary judgment ruling pursuant to Civ.R. 56(F).

{¶ 18} On December 7, 2016, Landlord filed a reply brief. In response to Tenant's assertion that the court documents in the prior court cases cannot be considered by the trial court in this case, Landlord attached to its reply brief six exhibits, which were certified copies of (1) the Rocky River Municipal Court docket in Case No. 17 CVG 2375, (2) November 28, 2017 magistrate's decision in the case; (2) January 25, 2018 notice of dismissal in the case; (4) the Cuyahoga Court of Common Pleas Court docket in CV 17 886685, (5) Tenant's complaint in that case; and (6) December 13, 2017 entry of dismissal in the case.

{¶ 19} On December 18, 2018, the trial court issued a decision in the instant case. It struck the exhibits (the certified copies of the court documents) attached to Landlord's reply brief because Landlord filed the exhibits without first obtaining leave of court to accompany its reply brief with the additional evidentiary materials. The court, however, granted summary judgment in favor of Landlord. Tenant now appeals.

## II. Analysis

{¶ 20} We review a trial court's entry of summary judgment de novo, using the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment may only be granted when the following is established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) that reasonable

minds can come to but one conclusion, and the conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in its favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978); Civ.R. 56(E).

{¶ 21} On appeal, Tenant raises two assignments of error. Under the first assignment of error, it argues that the trial court erred in converting Landlord's motion to dismiss into a motion for summary judgment and that the court erred in failing to stay the proceedings pursuant to Civ.R. 56(F). Under the second assignment of error, Tenant argues that its claims in the instant case are not barred by res judicata and that the pleadings and entries in the municipal court case cannot be considered by the trial court because they were not properly authenticated. We address these four claims in turn.

## a. Conversion of the Motion to Dismiss to Summary Judgment

{¶ 22} Under the first assignment of error, Tenant asserts two claims. First, it asserts that the trial court improperly converted Landlord's motion to dismiss to a motion for summary judgment. Pursuant to Civ. R. 12(B), when a motion to dismiss for failure to state a claim for relief contains matters outside the pleadings, as in the instant case, the motion may be converted into a motion for summary judgment provided the parties are given a reasonable opportunity to present all materials pertinent to the motion. *Sciko v. Cleveland Elec. Illum. Co.*, 83 Ohio App.3d 660, 663, 615 N.E.2d 674 (8th Dist.1992); *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, 826 N.E.2d 324 (7th Dist.), citing *Petrey v. Simon*, 4 Ohio

St.3d 154, 156, 447 N.E.2d 1285 (1983). It is the trial court's "responsibility either to disregard extraneous material or to convert a motion to dismiss into a motion for summary judgment when additional materials are submitted." *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 18. Before converting a motion to dismiss for failure to state a claim into a motion for summary judgment, the trial court must give actual notice to the parties and provide an opportunity to respond. *State ex rel. Baran v. Fuerst*, 55 Ohio St.3d 94, 97, 563 N.E.2d 713 (1990).

{¶ 23} Here, Landlord filed a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" on October 4, 2018. As it is improper to look at matters outside the pleadings in ruling on a Civ.R. 12(B) motion, the trial court properly gave notice to the parties that it would treat the motion to dismiss as a motion for summary judgment. On October 9, 2018, the trial court issued a journal entry to notify the parties of its intention to treat the motion to dismiss as a motion for summary judgment and gave Tenant 30 days to respond to the motion. The Ohio Supreme Court has held that a court must notify all parties that it has converted a motion to dismiss for failure to state a claim into a motion for summary judgment at least 14 days in advance. *Petrey* at 154.

{¶ 24} The trial court complied with the notice required by Civ.R. 12(B) and gave the parties a reasonable opportunity to respond. As the record reflects, Tenant did respond to the trial court's notice for the conversion and filed its opposition to the converted motion for summary judgment. The trial court did not err in converting Landlord's motion to dismiss into a motion for summary judgment.

### b. Request for Continuance under Civ.R. 56(F)

**{¶ 25}** Under the first assignment of error, Tenant also claims the trial court erred in failing to stay the proceedings pursuant to Civ.R. 56(F) as it had requested. In its brief in opposition to Landlord's motion to dismiss, treated as a motion for summary judgment by the trial court, Tenant asked the trial court to deny the motion for summary judgment or, in the alternative, stay the summary judgment ruling pursuant to Civ.R. 56(F).

**{¶ 26}** Civ.R. 56(F) permits the trial court to allow additional time for discovery to oppose a summary judgment motion. Civ.R. 56(F) provides:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

"Civ.R. 56(F) provides a method by which a party may seek a continuance on a motion for summary judgment so that he may obtain affidavits opposing the motion or conduct discovery relevant to it." *Glimcher v. Reinhorn*, 68 Ohio App.3d 131, 137, 587 N.E.2d 462 (10th Dist.1991).

**{¶ 27}** "The burden is upon the party seeking to defer the court's action on a motion for summary judgment to demonstrate that a continuance is warranted[.]" *Kupczyk v. Kuschnir*, 8th Dist. Cuyahoga No. 76614, 2000 Ohio App. LEXIS 3380, 5-6 (July 27, 2000). "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present

affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and reasons given why it cannot present facts essential to its opposition to the motion." *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 169, 392 N.E.2d 1316 (8th Dist.1978). The trial court's determination under Civ.R. 56(F) is a matter within its sound discretion and it is reviewed under an abuse of discretion standard. *Juergens v. House of Larose, Inc.*, 8th Dist. Cuyahoga No. 106972, 2019-Ohio-94, ¶ 51 (the trial court has considerable discretion in the regulation of discovery proceeding); and *Scaccia v. Dayton Newspapers, Inc.*, 170 Ohio App.3d 471, 476, 2007-Ohio-869, 867 N.E.2d 874, 878 (2d Dist.).

{¶ 28} Here, Tenant opposed the motion for summary judgment asserting that the claims it raised in this present case were not barred by res judicata because the claims did not constitute compulsory counterclaims in the municipal court case. Although Tenant sought a continuance of a ruling on the motion for summary judgment, it did not set forth any reasons for a continuance or explain why additional discovery was necessary. We note this was not the first litigation filed between the parties on the subject commercial lease. Furthermore, the evidence regarding the pleadings and entries in the municipal court case was equally accessible to Tenant. "The party seeking additional time to respond to a motion for summary judgment must present sufficient reasons that would justify the requested continuance, and do more than merely assert generally the need for additional discovery." *Juergens* at ¶ 52, citing *Grill v. Artistic Renovations*, 8th Dist. Cuyahoga No. 105882, 2018-Ohio-747, 106 N.E.3d 934, ¶ 33. Based on the record before us,

therefore, the trial court did not abuse its discretion in ruling on the summary judgment without staying the summary judgment proceeding for additional discovery under Civ.R. 56(F). The first assignment of error is without merit.

### c. Compulsory Counterclaim

{¶ 29}We now turn to the main issue in this appeal, raised under the second assignment of error: whether Tenant was required to bring any compulsory counterclaims against Landlord when Landlord filed the forcible entry and detainer and breach of contract action in the Rocky River Municipal Court.

{¶ 30} Civ.R. 13(A) governs compulsory counterclaims. It states:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

{¶ 31} Under Civ.R. 13(A), "all existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit, regardless of which party initiates the action." *Ferarra v. Vicchiarelli Funeral Servs.*, 2016-Ohio-5144, 69 N.E.3d 171, ¶ 11 (8th Dist.), citing *Rettig Ents. v. Koehler*, 68 Ohio St.3d 274, 626 N.E.2d 99 (1994), paragraph one of the syllabus. In *Ferarra*, this court explained that "[i]n addition to promoting judicial economy, the rule is designed to assist courts with the 'orderly delineation of res judicata.'" *Id.*, quoting *Lewis v. Harding*, 182 Ohio App.3d 588, 2009-Ohio-3071, 913 N.E.2d 1048, ¶ 12 (8th Dist.). "The purpose of Civ.R. 13, much like the doctrine of res

judicata, is to avoid multiplicity of suits by requiring in one action the litigation of all existing claims arising from a single transaction or occurrence, no matter which party initiates the action." *Forney v. Climbing Higher Ents., Inc.*, 158 Ohio App.3d 338, 2004-Ohio-4444, 815 N.E.2d 722 (9th Dist.). A party who fails to assert a compulsory counterclaim at the proper time is barred from litigating that claim in a subsequent lawsuit. *Rettig* at 277.

{¶ 32} Forcible entry and detainer actions are governed by R.C. Chapter 1923. Because a forcible entry and detainer action is a summary proceeding, R.C. 1923.03 provides that "[j]udgments under this chapter are not a bar to a later action brought by either party." Under the statute, "if a landlord files an action for forcible entry and detainer and does not join that action with any other action, the tenant need not file any counterclaims. Civ.R. 13(A) does not apply in forcible entry and detainer actions to require tenants to assert compulsory counterclaims." *Haney v. Roberts*, 130 Ohio App.3d 293, 300, 720 N.E.2d 101 (4th Dist.1998). "If, however, the landlord joins another action with the forcible entry and detainer action, Civ.R. 13(A) does apply to that other action and, consequently, the tenant must assert compulsory counterclaims." *Id. See also Adams v. Romine*, 2019-Ohio-482, 130 N.E.3d 1050, ¶ 26 (5th Dist.) ("[a]lthough Civil Rule 13(A) is inapplicable to a forcible entry and detainer action, it is applicable to a suit for back rent or for money damages."); *Forney*; *Kerr v. Lakewood Shore Towers, Inc.*, 8th Dist. Cuyahoga No. 93462, 2010-Ohio-265 (once the forcible entry and detainer action is coupled with an action for back rent or damages, Civ.R. 13(A) is applicable

and all compulsory counterclaims must be asserted); and *Carter v. Russo Realtors*, 10th Dist. Franklin No. 99AP-585, 2000 Ohio App. LEXIS 823 (March 7, 2000).

{¶ 33} Given the case law authority, Civ.R. 13(A) applies to the forcible entry and detainer action filed by Landlord in the Rocky River Municipal Court because Landlord's action was coupled with a breach of contract count seeking money damages. Accordingly, Tenant was required to bring any compulsory counterclaims it had against Landlord. Having determined that Civ.R. 13(A) is applicable here, we must next determine whether Tenant's claims raised in the instant complaint are compulsory counterclaims in the municipal court case.

{¶ 34} We apply a two-part test for determining whether there is a compulsory counterclaim: (1) whether the claim existed at the time of serving the pleading, and (2) whether the claim arose out of the transaction or occurrence that is the subject matter of the opposing claim. *Adams* at ¶ 23, citing *Rettig*, 68 Ohio St.3d 274, 626 N.E.2d 99. The *Rettig* court also set forth a "logical relation" test for determining whether claims "arise out of the same transaction or occurrence." Under the "logical relation" test, "'a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts.'" *Adams* at ¶ 25, quoting *Rettig*. "'[M]ultiple claims are compulsory counterclaims where they involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.'" *Id.*, quoting *Rettig*. The purpose behind the rule

is to "'avoid multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters.'" *Id.*, quoting *Rettig*.

**{¶ 35}** Regarding the first question, Tenant's claims relating to the alleged breach of contract by Landlord existed by November 2017, when Landlord filed the forcible entry and detainer action in the municipal court, and the alleged fraudulent inducement occurred when the parties entered into the lease agreement in July 2016.

**{¶ 36}** Regarding the second question, all of Tenant's claims arose from the parties' lease agreement concerning the premises located at 24101 Lorain Road; as such, they were "logically related" to Landlord's claim in the municipal court case, which related to the same lease agreement governing the same premises. *Forney,* 158 Ohio App.3d 338, 2004-Ohio-4444, 815 N.E.2d 722, at ¶ 19 (each of tenant's causes of action arose from the landlord-tenant relationship over the subject premises and therefore logically related to the landlord's claims in the landlord's prior forcible entry and detainer action). *See also McAlpine v. Patrick*, 8th Dist. Cuyahoga No. 86453, 2006-Ohio-1101, ¶ 16.

**{¶ 37}** Because Tenant's claims existed at the time Landlord filed the forcible entry and detainer action in the municipal court and "arose out of the same transaction," the claims were compulsory counterclaims and must be raised in the prior detainer action under Civ.R. 13(A). As Tenant failed to assert the claims raised in the instant complaint against Landlord in the municipal court case, the doctrine

of res judicata bars Tenant from subsequently bringing these claims against Landlord in the common pleas court. *Forney* at ¶ 20 (as the tenant failed to present claims relating to the lease when the landlord's forcible entry and detainer was pending before the Akron Municipal Court, the tenant was barred by res judicata from bringing these claims against the landlord in the Summit County Court of Common Pleas), citing *DeNigris v. Walker*, 9th Dist. Medina No. 2971-M, 2000 Ohio App. LEXIS 2196, 10 (May 24, 2000), and *Quintus v. McClure*, 41 Ohio App.3d 402, 402-403, 536 N.E.2d 22 (9th Dist.1987) (failure to assert a compulsory counterclaim pursuant to Civ.R. 13 constitutes res judicata). *See also, e.g.*, *Fender v. Miles*, 185 Ohio App.3d 136, 2009-Ohio-6043, 923 N.E.2d 631 (12th Dist.) ("[t]he failure to assert a compulsory counterclaim operates as a bar to the litigation of the counterclaim in a subsequent lawsuit; thus, failure to assert a compulsory counterclaim constitutes res judicata").

{¶ 38} Tenant argues *Haney,* 130 Ohio App.3d 293, 720 N.E.2d 101, and its progeny does not apply here because the damages count in the municipal court case was ultimately dismissed by Landlord and Tenant had "neither the duty nor the opportunity" to file the counterclaims. This claim is without merit. First, regarding Tenant's assertion that it could not file the counterclaims in the municipal court case because the 2017 common pleas court case it filed against Landlord was still pending at the time, our review of the record reflects the common pleas court dismissed the 2017 case on December 13, 2017, and Tenant had until December 29, 2017, to file an answer (and any counterclaims) in the municipal court action.

{¶ 39} Second, Tenant knew about Landlord's claims (eviction and damages) against Tenant since November 6, 2017, when the forcible entry and detainer action was initiated. Tenant itself had filed a complaint against Landlord on September 29, 2017, and therefore, it must have known the damages it alleged to have sustained from Landlord's breach of the lease. Tenant's assertion that it had neither the opportunity to investigate its damages nor the duty to file the counterclaims between November 6, 2017, and January 23, 2018 (when Landlord eventually dismissed the breach of contract count) is not supported by the record, especially in light of the fact that it filed an answer raising numerous defenses to the breach of contract count. Finally, we note that although the instant complaint added the corporate entities' principals — Steffen as an additional plaintiff and Bercu as additional defendant — res judicata remains applicable because the corporate entity and its principal were in privity with each other. *Forney,* 158 Ohio App.3d 338, 2004-Ohio-4444, 815 N.E.2d 722, at ¶ 21-23.

### d. Authentication of Pleadings and Court Entries

{¶ 40} Under the second assignment of error, Tenant also claims the trial court cannot consider the pleadings and court entries in the Rocky River Municipal Court case because these documents have not been properly authenticated by a records custodian.

{¶ 41} In the motion to dismiss filed by Landlord in the instant case, Landlord attached several exhibits relating to the municipal court case: (1) a copy of Landlord's "Complaint for Eviction and Breach of Contract"; (2) a copy of the

journalized entry granting the eviction signed by the municipal court judge; (3) a copy of the answer filed by Tenant's attorney; and (4) a copy of the dismissal entry signed by the same municipal court judge. While these copies were not certified, Attorney Potter, Landlord's attorney, submitted an affidavit stating that these documents were true and accurate copies of the pleadings and orders filed or issued in Rocky River M.C. No. 17 CVG 2375 in Rocky River Municipal Court.

{¶ 42} Evid.R. 901 ("Requirement of authentication or identification") states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

{¶ 43} Evid.R. 902 ("Self-authentication) governs self-authentication of public records. It states:

> (4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio.

"[C]ertified municipal court documents that are self-authenticating under Evidence Rule 902(4) are admissible under Evid.R. 803(8) (the public records exception to the hearsay rule)." *State v. Davis*, 9th Dist. Summit No. 25680, 2012-Ohio-788, ¶ 17. However, the copies of the court documents in the municipal court case attached to Landlord's motion to dismiss were not certified and, therefore, the

self-authentication rule under Evid.R. 902 does not apply here.[5]  Tenant claims that because the documents were not self-authenticating, an affidavit from the records custodian regarding these documents would be required.

{¶ 44} The Rules of Evidence do not prohibit the admission of the court documents without an affidavit from the records custodian.  Evid.R. 803(8) (public records exception to the hearsay rule) encompasses dockets and journal entries of courts. *State v. Glacken*, 13 Ohio Misc.2d 17, 19, 469 N.E.2d 95, 98 (1984).  The rule states:

> (8) Public records and reports. Records reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, offered by defendant, *unless the sources of information or other circumstances indicate lack of trustworthiness.*

(Emphasis added.)  The proponent of the public record which is not self-authenticating is required to present some extrinsic evidence demonstrating the public record is what it purported to be.  *State v. Morrow*, 138 Ohio App.3d 38, 42, 740 N.E.2d 314 (2d Dist.2000).  However, "[t]he foundational conditions for evidence introduced pursuant to Evid.R. 803(8)(a) are minimal and do not require the testimony of a custodian or other qualified witness as a precondition to

---

[5] Although Landlord attempted to submit certified copies of the same documents by attaching them to its reply brief, the trial court struck them because they were submitted without the leave of court.

admissibility." *Id.*, citing *State v. Breeze*, 89 Ohio App.3d 464, 472, 624 N.E.2d 1092 (2d Dist.1993).

{¶ 45} Here, we find Landlord presented sufficient evidence to support a finding that the court documents were what they purported to be. Attorney Potter, who was also Landlord's trial counsel in the municipal court case, stated in the affidavit that the affidavit was made upon personal knowledge and the four exhibits were true copies of pleadings and orders filed or issued in the Rocky River M.C. No. CV 17 886685. As such, Landlord sufficiently established the authenticity of the documents in the municipal court case. The second assignment of error lacks merit.

{¶ 46} Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

PATRICIA ANN BLACKMON, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR